UNITED STATES DISTRICT COURT  ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                :
THELMA ABREU,                                   :
                                                :
                              *Plaintiff*,      :   MEMORANDUM AND ORDER
                                                :
            - against -                         :   11-CV-0521 (JG)
                                                :
MICHAEL J. ASTRUE,                              :
COMMISSIONER OF                                 :
SOCIAL SECURITY,                                :
                                                :
                              *Defendant*.      :
----------------------------------------------------------------x

A P P E A R A N C E S :

      THELMA ABREU
           67-74 75th Street
           1st Floor
           Middle Village, NY 11379
           *Pro Se*

      LORETTA E. LYNCH
           United States Attorney
           Eastern District of New York
           271 Cadman Plaza East
           Brooklyn, New York 11201
      By:   Candace Scott Appleton
           David Augenbaum[1]
           *Attorney for Defendant*

JOHN GLEESON, United States District Judge:

        Thelma Abreu seeks review, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), of: (1) the Social Security Commissioner's determination of the amount of interim assistance payments to Abreu for which the Commissioner reimbursed the New York State Department of Social Services ("DSS") out of Abreu's retroactive Supplemental Security Income ("SSI"); (2)

---

[1] Augenbaum, who is not admitted to the bar, was an intern in the office of the United States Attorney and argued for the Commissioner with the permission of this court.

the Administrative Law Judge's ("ALJ") dismissal of Abreu's request for a hearing challenging the amount of the payments; and (3) the Appeals Council's dismissal of her request for review. The Commissioner has moved to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Oral argument was heard on July 29, 2011, at which Abreu appeared via telephone. For the reasons stated below, the Commissioner's motion to dismiss is granted.

BACKGROUND

On May 31, 1994, Abreu filed an application for SSI benefits because of her hearing impairment and chronic intestinal disease. An ALJ subsequently found that Abreu was disabled and she was awarded benefits. On February 8, 2002, an SSI notice of award informed Abreu that her first payment of retroactive SSI benefits in the amount of $29,445.99 was being withheld pursuant to a written interim assistance reimbursement agreement Abreu had made with the DSS. Under that agreement and pursuant to 42 U.S.C. § 1383 and 20 C.F.R. § 416.1901, Abreu had agreed to reimburse the DSS for interim assistance benefits paid to her from May 31, 1994 to August 31, 2001, while her application for disability benefits was pending. On June 6, 2002, the Commissioner notified Abreu that DSS had verified the amount of money due to DSS as $29,445.99.

Four and one-half years later, on December 27, 2006, Abreu requested a hearing to confirm the amount that was due to DSS. In an order dated March 3, 2008, ALJ Sol Wieselthier dismissed Abreu's request for a hearing based on 20 C.F.R. § 416.1920, which provides that when a recipient of benefits disagrees with the amount of interim assistance allegedly owed to a state, he or she is entitled to a hearing by the state, but not to a federal hearing. 20 C.F.R. § 416.1920. The Commissioner maintains that the March 3, 2008 dismissal was mailed to Abreu that same day. With that dismissal, Abreu was also notified that she was

required to file any requests for review of the ALJ's decision within 60 days of receiving the notice. Thus, any timely requests for review needed to be filed by May 7, 2008.[2]

On April 23, 2009, the Social Security Administration ("SSA") received Abreu's request for a review of ALJ Wieselthier's decision. The request was on an agency form and had a handwritten date of October 15, 2008. On June 30, 2009, the Appeals Council received a copy of the request, along with two handwritten and signed letters from Abreu. The first was written in English and dated April 15, 2009. The other was written in Spanish, translated into English by the SSA, and dated July 28, 2009. In these letters, Abreu wrote that she had not received ALJ Wieselthier's March 3, 2008 dismissal until June 13, 2009. Thus according to Abreu, she had until August 17, 2009 to file any timely requests for review.

On August 23, 2010, the Appeals Council responded to Abreu's request, asking for a statement of reasons why she had not filed her request for review by May 7, 2008. On September 23, 2010 Abreu responded, explaining that on April 15, 2009, she had written to the Appeals Council explaining that she and her sister had been sick; stating that her request for a review of her records from April 23, 2009 had been denied; and reiterating that she had not received the March 3, 2008 dismissal until June 13, 2009. On November 23, 2010, the Appeals Council dismissed her request for review of ALJ Wieselthier's decision because Abreu had not shown good cause for extending the filing period. The Appeals Council stated that "there was no indication that the hearing office had mailed the March 3, 2008 Notice of Dismissal late" and that Abreu's mailing address was clearly correct since she had received all of the other correspondence regarding this matter in a timely fashion. The Appeals Council also found incredible Abreu's claim that she had received the dismissal notice on June 13, 2009 when her

---

[2] The notice stated that the Commissioner assumed it would be received five days after March 3, 2008, unless Abreu could prove that she did not receive it within that time period.

request for review of the ALJ's decision had been dated October 15, 2008 and received by SSA on April 23, 2009.

On January 31, 2011, Abreu commenced this action.

DISCUSSION

A.  *Liberal Construction of a* Pro Se *Plaintiff's Complaint*

Where a plaintiff proceeds *pro se*, the court must liberally construe her submissions on "the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)) (alteration in the original). In construing Abreu's complaint, I therefore "interpret [it] 'to raise the strongest arguments that [it] suggest[s],'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) (alterations added).

B.  *Standard of Review*

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is warranted when the district court lacks statutory or constitutional power to adjudicate it. *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635 (2d Cir. 2005). The court must construe all ambiguities and draw all inferences in favor of the plaintiff. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

C.  *The Commissioner's Motion To Dismiss*

Before a court may properly consider a decision of the Commissioner, § 405(g) requires that a claimant exhaust her administrative remedies. *Maloney v. Harris*, 526 F. Supp. 621, 622 (E.D.N.Y. 1980). Even then, Title II and Title XVI of the Social Security Act authorize a civil action only to review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). What constitutes a "final decision" is defined by the Commissioner's regulations, *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975), which establish the administrative process for obtaining a final decision subject to judicial review. 20 C.F.R. § 416.1400(a); *see also Bowen v. City of New York*, 476 U.S. 467 (1986). Courts have usually deferred to the policy reasons behind this administrative scheme. "[A]n interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose . . . . Our duty, of course, is to respect that choice." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Abreu has not exhausted the administrative requirements because her request for review was dismissed for untimeliness. The dismissal of her appeal by the Appeals Council on that ground, is "not reviewable by the district court because it is not a 'final decision' within the meaning of § 405(g)." [3] 20 C.F.R. §§ 416.1971-1972; *see also Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) (also holding that a refusal to extend the filing time on a showing of good cause is not subject to judicial review).

---

[3]  Additionally, even if Abreu's request for review was subject to review by this court, she has not shown that her case meets the standard for an equitable tolling. The equitable tolling doctrine might allow this court to displace the Appeals Council's refusal to extend the 60-day window for appeals of an ALJ's decision. However, the equitable tolling doctrine applies only to cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen v. City of New York*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)); *see also Wong v. Bowen*, 854 F.2d 630, 631 (1988) ("Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way."). Abreu alleges that she filed her request late because her sister was ill and because she, herself, was also undergoing some sort of medical treatment or physical therapy. Abreu's reasons, however, are insufficient to show good cause. *See Wong*, 854 F.2d at 631 (even claimant's own illness was insufficient good cause for further time extension).

CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is granted.

So ordered.

John Gleeson, U.S.D.J.

Date: August 4, 2011
Brooklyn, New York